CLEONICE POLICASTRO, Doing Business as The Lorenzo Building Construction Company, Respondent, *v.* EDGAR PITSKE, Appellant.

(Supreme Court, Appellate Term, December, 1909.)

Accord and satisfaction — Payment of less than due — Checks and drafts.

> Where a dispute arises between the parties to a contract as to the balance due upon it, and one sends the other a check for a certain sum, which he states is the balance due, and writes that he might make other deductions but rather than go into litigation meets the party to whom he sends the check more than half way and hopes it will end the matter, and the party receiving the check at first says it will not be accepted as payment but will be kept as evidence, and afterward writes that he is short and will deposit it only with the understanding that it will be deposited on account and not as full payment of the balance he claims and says: "If not satisfactory to you, kindly inform us, for we insist on getting the full amount," and afterward deposits the check, which is paid, the silence of the party who gives the check is not to be deemed as an assent to a change of the conditions upon which it was given, and the use of the check by the party to whom it was sent must be taken as an acceptance of the conditions prescribed and as establishing an accord and satisfaction.

APPEAL by the defendant from a judgment in favor of the plaintiff, rendered in the Municipal Court of the city of New York, borough of Manhattan, second district.

Herman H. Kimmel, for appellant.

Charles Eno, for respondent.

DAYTON, J. Defendant entered into a contract with plaintiff for alterations and repairs on defendant's premises at a cost of one thousand seven hundred and seventy-five dollars. This action is brought to recover twenty-eight dollars, an alleged unpaid balance of that amount. The answer is a general denial and account stated. Pleadings unverified. Plaintiff had judgment for amount claimed and two dollars costs. Defendant appeals. Considerable dispute and correspondence occurred between the parties as to the balance due; and, on December 12, 1907, defendant wrote plaintiff as follows: " Enclosed please find check for $7 all that remains of the contract price after making deductions as per contract. There are a great many deductions that I am entitled to make, but, rather than go into litigation with you, I am meeting you more than half way. Hoping this will end the matter, I remain." Plaintiff, on December 17, 1907, acknowledged the check, stating that it would not be accepted as payment, but he would keep it for evidence. On April 29, 1908, plaintiff wrote defendant, in substance, that as " we are short of money * * * we are going to deposit your checks of $40 and $7 received November 22nd, 1907, and December 12th, 1907, * * * only with the understanding that these checks will be deposited only on account and not as full payment and the balance of $28 will be still unpaid. If not satisfactory to you, kindly inform us, for we insist on getting the full amount." The checks were accordingly deposited and paid on presentation through the clearing house. If plaintiff was unwilling to accept the seven-dollar check, its return to defendant within a reasonable time was necessary. Its use could not by any act or purpose of plaintiff change the conditions imposed by defendant upon its receipt, unless those conditions were changed or modified by him. He remained silent and the check was paid to plaintiff; and, about a year later, this action was brought. No fraud is claimed by either party, the disputes as to the performance of the contract and as to the balance due, apparently, were honestly contended by both parties. The long retention and the final use of the seven-dollar check were, under the authorities, an acceptance of the condition

accompanying its receipt whereby an accord and satisfaction followed.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.

GIEGERICH and LEHMAN, JJ., concur.

Judgment reversed and new trial ordered.